UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PLAISE E. SPANGLER,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   No. 1:21-CV-00240-JRG-SKL
                                   )
JACKIE MELTON et al.,              )
                                   )
        Defendants.                )

# MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed in the McMinn County Justice Center, is proceeding pro se on a complaint alleging violations of 42 U.S.C. § 1983 [Doc. 1]. He has also filed a related motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim upon which relief may be granted.

I.     **MOTION TO PROCEED *IN FORMA PAUPERIS***

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 2] will be **GRANTED**. Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee, 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the

2

elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B.     Plaintiff's Relevant Allegations**

Plaintiff was placed on probation in McMinn County on August 6, 2020, by Judge Wylie Richardson [Doc. 1 at 17]. On October 18, 2020, Meigs County Sheriff Deputy Mowery and his partner initiated a traffic stop of a vehicle driven by Wendy Barnette [Doc. 1 at 6]. Plaintiff was a passenger in the vehicle [*Id*.]. Plaintiff was searched and placed in the backseat of the deputies' car while the deputies and Meigs County Sheriff Melton spoke with Ms. Barnette [*Id*. at 7]. According to Plaintiff, Ms. Barnette falsely claimed that Plaintiff had kidnapped and raped her [*Id*.].

Plaintiff was taken to the Meigs County Jail and booked into custody [*Id*.]. Meanwhile, Ms. Barnette gave a statement to Meigs County Detective Kevin Eschette [*Id*. at 8]. Two days later, on October 21, 2020, Plaintiff was charged with aggravated kidnapping, aggravated rape, and aggravated assault [*Id*.]. On October 28, 2020, McMinn County placed a hold on Plaintiff for a violation of probation warrant in McMinn County Case No. 20-CR-1659 [*Id*. at 10].

Susan Fuller was appointed as counsel for Plaintiff, and his case was continued several times [*Id*. at 8-10]. Plaintiff maintains that he did not speak to Ms. Fuller for approximately seventy-seven days after her appointment [*Id*. at 10-11]. She was relieved as counsel after Plaintiff

3

complained to the judge, and another attorney, Mr. Randolph, was appointed to represent Plaintiff [*Id*. at 11].

On February 18, 2021, the aggravated kidnaping, rape, and assault charges were dismissed [*Id*. at 11-12]. Plaintiff was returned to the Meigs County Jail, and after McMinn County dropped its hold of Plaintiff, he was released [*Id*. at 12]. Plaintiff states that he assumed that since the hold was active the entire time he was in the custody of Meigs County, he had served his McMinn County sentence in full [*Id*.].

On May 3, 2021, Plaintiff was scratching off a lottery ticket in a Shell gas station when McMinn County Deputies Brandon Jenkins and Travis Duke approached Plaintiff with an outstanding warrant for his arrest in Case No. 20-CR-1659 [*Id*. at 19]. During their search of Plaintiff's person, the deputies found one used needle and a bag of methamphetamine [*Id*. at 20]. Plaintiff was transported to the McMinn County Jail and booked on the warrant and a new drug charge [*Id*. at 21].

Attorney Kelly Ingles was appointed to represent Plaintiff [*Id*. at 21]. Neither Ingles nor Judge Richardson seemed to understand Plaintiff's argument that his probation sentence had been completed by the time of his arrest on May 3, 2021 [*Id*. at 21-22]. At the preliminary hearing on the drug charges, Plaintiff maintains that Mr. Ingles refused to ask the questions Plaintiff had written for him to ask [*Id*. at 22]. At the conclusion of that hearing, Plaintiff was "surprised" with a hearing for Case No. 20-CR-1659 [*Id*.]. Plaintiff stood to address the court and was "almost physically attacked" by Officer Burt Jenkins [*Id*.]. Plaintiff was "threaten[ed]" to stay seated and quiet [*Id*.]. Afterwards, Plaintiff was returned to his cell to await his arraignment on the drug charges [*Id*.].

On August 30, 2021, Plaintiff was arraigned on the drug charges by Judge Frieberg, who appointed Tim Wilson, a public defender, to represent Plaintiff [*Id*. at 23]. Mr. Wilson advised

4

Plaintiff that the pro se motions to dismiss Plaintiff filed would most likely be unsuccessful, and Plaintiff wrote the Board of Responsibility and various courts to complain about the alleged violation of his constitutional rights [*Id*. at 24].

Thereafter, Plaintiff filed the instant action asking the Court to award him monetary damages "for pain and suffering," require Defendants to publicly apologize, and have various Defendants fired and/or their licenses revoked [*Id*. at 14, 25].

    C.    **Analysis**

        1.    **Improper Defendants**

Plaintiff has named a number of Defendants who are not amendable to suit, as they are not "state actors" for purposes of § 1983. 42 U.S.C. § 1983; *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (holding § 1983 claim must allege "the deprivation of a right secured by the Constitution or laws of the United States" by a person acting under color of state law). First, Wendy Barnette is not amenable to suit in this action, as Plaintiff's allegations demonstrate that she is a private citizen rather than a "state actor" for purposes of § 1983. *See, e.g., Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (holding private individual who provides information to police and offers testimony is not exposed to § 1983 liability by actions). Therefore, she must be dismissed.

Next, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (citation omitted). Accordingly, Attorneys Fuller, Ingles, and Wilson are entitled to be dismissed from this action.

Further, Judges Richardson and Frieberg are entitled to be dismissed from this action, as they have absolute judicial immunity from suit for actions taken in a judicial capacity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978). Similarly, Plaintiff cannot maintain suit against

5

the district attorney prosecuting him, as "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (prosecutor immune from action alleging knowing use of perjured testimony, malicious prosecution, and conspiring with judge). Because prosecutors have absolute immunity for activities connected with judicial proceedings, Defendant Kelly must be dismissed from this action. *See, e.g., Imbler*, 424 U.S. at 431 (providing protection for prosecutor's conduct "in initiating a prosecution").

### 2. Improper Relief

Moreover, Plaintiff seeks relief in this action that the Court cannot provide. First, under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery for "pain and suffering." *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in his complaint, and therefore, the monetary recovery he seeks is not permitted under the PLRA.

Plaintiff also requests that various Defendants be fired and/or suspended from their vocations. However, the Court has no authority to order disciplinary action or dismissal of Defendants. *See, e.g., Street v. Rodriguez*, No. 12-13995, 2014 WL 840083, at *5 (E.D. Mich. Mar. 2, 2014) (holding the court has no authority to order a state to terminate the employment, or otherwise discipline, a state corrections officer). Therefore, Plaintiff is not entitled to the injunctive relief he seeks.

### 3. Absence of Constitutional Violation

Nonetheless, the Court finds that the crux of Plaintiff's complaint is that an individual falsely implicated him in criminal conduct, which caused him to be arrested and subsequently charged with a violation of his parole. However, to the extent Plaintiff asserts this claim to seek dismissal of any pending criminal charges, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Here, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense at any subsequent criminal trial.

Moreover, to the extent Plaintiff has filed the instant suit challenging the fact or duration of his confinement, his federal remedy is through a petition for writ of habeas corpus rather than a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

As to his arrests, the Court notes that Plaintiff was arrested in October 2020 upon Ms. Barnette's statement that he had kidnapped and raped her, which provided probable cause for his arrest by deputies. *See, e.g., Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment when there is probable cause to believe that a criminal offense has been or is being committed."). Plaintiff concedes that he was arrested pursuant to a warrant in May 2021, and he further admits that he was in possession of drugs at the time. Therefore, Plaintiff has not set forth any facts from which the Court could infer that he was arrested in violation of the Fourth Amendment.

To the extent Plaintiff alleges a claim that Defendant Jenkins threatened him during court proceedings, such conduct does not constitute "punishment" in the constitutional sense or

7

Case 1:21-cv-00240-JRG-SKL   Document 10   Filed 01/03/22   Page 7 of 9   PageID #: 108

otherwise raise a constitutional issue. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Therefore, this allegation fails to state a claim under § 1983. Further, any claim that Plaintiff was retaliated against for filing the instant suit is wholly conclusory and insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555, 570.

Finally, the Court notes that Plaintiff cannot sustain any claim against Meigs County or McMinn County, nor their officers in their official capacities, as he has not set forth any facts from which the Court can construe that either municipality may be liable for a violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation); *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993) (holding that in an action against a state officer acting in an official capacity, plaintiff seeks damages "from the entity from which the officer is an agent"). Therefore, Plaintiff has failed to assert a cognizable constitutional claim under § 1983, and this action must be dismissed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's claims fail to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE